UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AGILYSYS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:16-cv-03557-ELR |
| KEN HALL ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF AGILYSYS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR SANCTIONS**

Plaintiff Agilysys, Inc. ("Agilysys") hereby responds in opposition to Defendant Ken Hall's ("Defendant") Emergency Motion for Sanctions ("Defendant's Motion") [D.E. 156], showing the Court as follows:

**I.   Defendant's Motion Should Be Denied Because Defendant Failed To Meet And Confer With Agilysys Regarding The Alleged Discovery Failures That Form The Basis Of The Motion**

As an initial matter, the Court should deny Defendant's Motion without further inquiry, because Defendant failed to meet and confer with Agilysys regarding the alleged discovery failures that form the basis of Defendant's Motion, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(1) ("*On notice to other parties and all affected person*, a party may move for an order compelling disclosure or discovery.  The motion must include a

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Indeed, Defendant never attempted to meet and confer with Agilysys, either in person or over the phone; rather, Defendant's only formal attempts to notify Agilysys of its alleged discovery shortcomings took place over email, a method of communication which is insufficient for purposes of Rule 37(a)(1)'s "meet and confer" requirement and, likewise, does not comport with the Court's own standing order regarding discovery disputes. *See* "Instructions for Cases Assigned to The Honorable Eleanor L. Ross" at 4-5 ("The parties shall not file discovery motions (including motions to compel, motions for protective order, motion for sanctions) without prior permission from the Court.  These disputes may often be resolved in a conference, resulting in less delays of discovery.  In the event a discovery dispute arises, the parties are required to meet and confer in an effort to resolve the dispute.  Counsel or *pro se* litigants are required to meet and confer in an effort to resolve the dispute.  Counsel or *pro se* litigants are required to confer – **by telephone or in person** – in good faith before bringing a discovery dispute to the Court. See Fed. R. Civ. P. 26(c) and 37(a)(1); LR 37.1A, NDGa.  The duty to confer is NOT satisfied by sending a written document, such as a letter, email, or fax, to the

adversary, UNLESS repeated attempts to confer by telephone or in person are unsuccessful due to the conduct of the adversary."). Perhaps unsurprisingly, Defendant's Motion is not accompanied by any sort of Rule 37(a)(1)-required certification that Defendant met and conferred with Agilysys, a defect that is likely explained by Defendant's awareness that he did not satisfy Rule 37(a)(1)'s "meet and confer" requirement in this instance.

Defendant's failure to comply with Rule 37(a)(1) is unfortunate, as a meet and confer would have facilitated the immediate resolution and/or explanation of many of the discovery issues raised in Defendant's Motion, which, of course, is the reason for the requirement in the first place. In fact, since receiving Defendant's Motion yesterday, Agilysys has already resolved and/or begun resolving a number of the discovery issues identified in Defendant's Motion, including providing Defendant with the most recent contact information for its former employees who were previously identified as damages witnesses, as well as identifying an additional damages witness as part of its efforts to update its Initial Disclosures. Nevertheless, the reality is that Defendant failed to meet and confer with Agilysys before filing his Motion, rendering the Motion irredeemably defective and subject to immediate denial by the Court.

## II. Defendant's Motion Should Also Be Denied Because Agilysys Has Not Improperly Withheld Any Documents Requested By Defendant

Furthermore, Defendant's Motion should be denied, because—contrary to the Motion's primary allegation—Agilysys has not improperly withheld any documents requested by Defendant.

In support of his allegation that Agilysys is withholding dispositive documents, Defendant identifies four "smoking gun" emails, which, in Defendant's telling, are directly responsive to his discovery requests. [D.E. 156 at 4-10]. As an initial matter, the discovery requests that allegedly encompass the four "smoking gun" emails are obscenely broad, so much so that literal compliance with the requests would have unreasonably required Agilysys to search the communications of every single one of its employees. *See* D.E. 156 at 5, n.3 ("<u>Defendant's RFPD 22</u>. Produce all communications sent, received or generated by an employee or consultant of Plaintiff from March 31, 2016 to present which (1) refers to Solutions II, Inc., or (2) refers to Ken Hall. <u>Defendant's RFPD 29</u>. Produce all communications between Hall and any employee or consultant of Plaintiff from March 31, 2016 to present."). Instead, Agilysys consistently objected to the requests as overly broad, *see, e.g.*, **Exhibit A**, Plaintiff's Sixth Supplemental Objections and Responses to Defendant Ken Hall's First Set of Continuing Requests for Production at 31 ("It is unreasonable for Defendant to

4

require Agilysys to search for any communication of any employee or consultant of Agilysys which merely mentions Ken Hall."), and proceeded to conduct a reasonable, proportional search for documents responsive to the requests, all of which Agilysys subsequently produced to Defendant (with the exception of certain privileged documents).  In other words, Agilysys has not withheld any documents that it discovered through its reasonable, proportional search for documents responsive to Defendant's discovery requests, and, as a result, the Court should reject Defendant's Motion.

Moreover, in those instances where Defendant has narrowed his overbroad discovery requests, Agilysys has fully complied in searching for and producing all responsive documents.  For instance, when Defendant requested the production of "[a]ll communications between Ken Hall and David Baldwin for the period March 31, 2016 to present" as part of the subpoena for the deposition of David Baldwin ("Baldwin"), Agilysys responded by conducting a full search of Baldwin's communications, which ultimately resulted in the production of two of Defendant's four "smoking gun" emails.  In fact, as a result of Agilysys's good-faith efforts, Defendant was able to cross examine Baldwin at his deposition regarding the newly-produced documents, removing any possibility of prejudice to Defendant, as well as any rationale for granting Defendant's Motion.

In reality, any allegations of improper document withholding are more properly directed at Defendant than Agilysys. Indeed, three of the four "smoking gun" emails were sent by Agilysys employees to Defendant's personal email account, meaning that Defendant has been in possession of the emails throughout this litigation. However, Defendant failed to produce two of the three emails (namely, the aforementioned communications between Defendant and Baldwin), despite the fact that—given their "dispositive" nature [D.E. 156 at 4]—they were undoubtedly responsive to an Agilysys discovery request. *See* **Exhibit B**, Plaintiff's Second Request for Production of Documents to Defendant Ken Hall, Request No. 8—"Please produce all documents on which Defendant intends to rely to support his defenses in this case."). In short, Defendant—not Agilysys—appears to be the party that is playing "hide the ball" in this matter, and, as such, Defendant's Motion should be denied.

### III. Agilysys Should Be Awarded The Fees And Costs It Incurred In Responding To Defendant's Improper Motion

Given the improper nature of Defendant's Motion (and, in particular, the Motion's blatant disregard for the "meet and confer" requirement contained in the Court's standing order regarding discovery disputes), the Court should exercise its inherent authority and that under 28 U.S.C. § 1927 to award Agilysys the fees and costs it incurred in responding to the Motion. *See, e.g.*, *Forsberg v. Pefanis*, No.

6

1:07-CV-3116-JOF-RGV, 2009 WL 10668304, at *8 (N.D. Ga. Feb. 23, 2009) (awarding defendants sanctions against plaintiffs' counsel who acted in bad faith by advancing frivolous argument in motion seeking sanctions against defense counsel, thereby unreasonably multiplying the proceedings).

## IV. Conclusion

For the reasons articulated above, the Court should deny Defendant's Emergency Motion for Sanctions.

Respectfully submitted this 14th day of February, 2019.

*/s/ David W. Long-Daniels*
David W. Long-Daniels
Georgia Bar No. 141916
Long-DanielsD@gtlaw.com
Brett A. Janich
Georgia Bar No. 552896
janichb@gtlaw.com

GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared in Times New Roman font and a point size of 14 in accordance with and as approved by the Court in LR 5.1, NDGa.

Respectfully submitted, this 14th day of February, 2019.

*/s/ David W. Long-Daniels*

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AGILYSYS, INC., | ) | |
| | ) | CIVIL ACTION FILE NO. |
| | ) | 1:16 03557-ELR |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEN HALL | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing document via the Court's ECF system upon the following counsel of record:

John D. Hipes
Layne M. Kamsler
HIPES & BELL ISLE, LLC
178 S. Main Street, Suite 250
Alpharetta, GA 30009

This 14th day of February, 2019.

/s/ David W. Long-Daniels

Counsel for Plaintiff

9